T. L. JAMES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

M. JAMES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20221, 20222.   Promulgated September 13, 1929.

*C. M. Pasquier, C. P. A.,* for the petitioners.
*A. George Bouchard, Esq.,* for the respondent,

## OPINION.

LITTLETON: The petitioners complain that the Commissioner has refused to allow a deduction for depletion, for each of the years 1921 and 1922, based upon discovery value, in connection with the properties leased to T. L. James by J. G. Pratt and his wife under the lease agreement of April 28, 1920.

The statutory provisions which are controlling in the disposition of petitioners' complaint are found in paragraph (10) of subdivision (a) of section 214, Revenue Act of 1921, and are as follows:

In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, ac-

cording to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted: *Provided*, That in the case of such properties acquired prior to March 1, 1913, the fair market value of the property (or the taxpayer's interest therein) on that date shall be taken in lieu of cost up to that date: *Provided further*, That in the case of mines, oil and gas wells, discovered by the taxpayer, on or after March 1, 1913, and not acquired as the result of the purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the depletion allowance shall be based upon the fair market value of the property at the date of discovery, or within thirty days thereafter: *And provided further*, That such depletion allowance based on discovery value shall not exceed the net income, computed without allowance for depletion, from the property upon which the discovery is made, except where such net income so computed is less than the depletion allowance based on cost or fair market value as of March 1, 1913; such reasonable allowance in all the above cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. In the case of leases the deductions allowed by this paragraph shall be equitably apportioned between the lessor and lessee.

It is entirely clear from these provisions of the statute, that the allowance for depletion, whatever the basis, is extended to only such persons as have an equitable interest in the properties of the character described, by reason of ownership, in fee simple, or of lesser estates. Unless the petitioners are within this category of taxpayers, there is no basis for their claim to an allowance for depletion based upon discovery value, or to an allowance for depletion upon any other basis. Our examination of the agreement entered into by the petitioners with the Ark-Rado Oil Corporation, under date of April 6, 1921, made in the light of the provisions of the grant of April 28, 1920, of J. G. Pratt and wife to T. L. James, has convinced us that as to the 20-acre tract which is the subject of the assignment the petitioners retained no interests such as would entitle them to a depletion allowance.

These proceedings were submitted entirely upon depositions, in which we find no reference whatever as to the circumstances surrounding the parties to the two agreements described or quoted in full in the findings of fact, or any expression as to the constructions which the parties themselves have given to the agreements. We have been left to make our own constructions of the agreements and to draw our own conclusions as to the intentions of the parties thereto.

The grant of Pratt and his wife to T. L. James, of April 28, 1920, made specific provision as to the rights of the parties upon the assignment of the estate of either party, in whole or in part. It was clearly contemplated that the grant could be made divisible into two or more parts. Upon assignment all of the covenants of the grant are made binding upon the assignee, and in the event of failure of compliance therewith by the assignee, the right of distress or forfeiture extends only to the estate assigned, and such failure can not

operate to defeat or affect the estate retained in the lessee. We believe that a fair construction of these provisions of the grant is, that upon assignment of a part of the estate by the lessee, privity of contract, between the lessor and lessee, is entirely terminated so far as it related to the subject of the assignment; that in the event of failure of compliance with the covenants of the grant, upon the part of the assignee, the lessor must look to it for redress and no remedy lies against the lessee or assignor; and that the assignee occupies the same position in relation to the lessor as that formerly occupied by the lessee, or assignor—figuratively speaking, it stands in his shoes.

Looking to the agreement of April 6, 1921, between the petitioners and the Ark-Rado Oil Corporation, we find there an absolute assignment of the lease, so far as it applies to a distinct portion—by metes and bounds—of leased premises. The grant is for the entire term of the lease. The right of reentry, upon the default of the assignee, is not reserved; the posting of a bond by the assignee to insure full compliance with the covenants appears to have been deliberately adopted in lieu of any reservation of reentry in case of such default. There is neither a probability nor a possibility of reversion. Throughout the entire agreement, the language and expressions employed indicate an intent of alienation by the petitioners of all right, title and interest in the lease so far as it applied to a distinct portion of the leased premises—an intent of absolute assignment.

The consideration for the assignment of a part of the lease was the agreement by the Ark-Rado Oil Corporation to drill and complete two test wells, and to pay over to the lessor and the assignees, the petitioners, one-eighth and seven-sixteenths, respectively, of all of the oil and gas produced from the premises. The fact that the consideration was to be paid to the petitioners in oil, or its cash equivalent, as and when produced, left the petitioners with no vested interest such as would entitle them to a depletion allowance in respect of oil and gas wells discovered and developed upon the premises as to which the lease was assigned. In that respect the transaction does not differ from a sale on the installment plan or on a deferred payment basis.

Our conclusion is that the contract between the petitioners and the Ark-Rado Oil Corporation, of April 6, 1921, is an assignment, and that being the case, the petitioners are not entitled to any depletion allowance in respect of oil and gas wells located upon the 20-acre tract as to which the lease was assigned. Cf. *L. T. Waller et al.*, 16 B. T. A. 574.

There is no evidence in the record of discovery of oil or gas wells upon the other 20-acre tract as to which the petitioners appear to have retained a leasehold interest.

In view of the foregoing, we find no error in the Commissioner's action in refusing to allow deductions for depletion, based upon discovery value, in respect of the properties which are the subject of the lease agreement between Pratt and wife and these petitioners.

Reviewed by the Board.

*Judgment will be entered for the respondent.*